**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HANOI BARBARO ACOSTA,

Defendant - Appellant.

No. 08-10463

D.C. No. 2:07-CR-00871-ROS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Hanoi Barbaro Acosta appeals from the 262-month sentence imposed following his conviction by jury trial for transportation of a minor in interstate commerce for prostitution, in violation of 18 U.S.C. § 2423(a) and (e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Acosta contends that the district court erred by applying several sentencing enhancements, and that the sentence was procedurally and substantively unreasonable.

This court reviews *de novo* the district court's interpretation of the sentencing guidelines. *United States v. Dixon*, 201 F.3d 1223, 1233, (9th Cir. 2000). This court reviews for clear error the factual findings underlying the sentencing decision. *United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir. 1997).

Acosta contends that the district court erred by failing to find certain enhancements by clear and convincing evidence. Acosta did not make this argument to the district court, so we review only for plain error. *See United States v. Olano*, 507 U.S. 725, 730-32 (1993). Clear and convincing evidence is required where, as here, the enhancements had a "disproportionate impact" on the sentence. *See United States v. Jordan*, 256 F.3d 922, 927 (9th Cir. 2001). Here, because the challenged enhancements added ten levels to Acosta's offense level and more than doubled the applicable Guidelines range, we agree that a finding by clear and convincing evidence was required. However, a review of the record satisfies us that, although the district court did not apply the clear and convincing standard, the enhancements imposed on Acosta were established by clear and convincing evidence. The district court's sentencing determination followed a trial at which

2

Acosta had the opportunity to cross-examine witnesses against him and at which the jury made the relevant findings beyond a reasonable doubt when they found Acosta guilty of the offense. Accordingly, the district court did not plainly err in applying the challenged enhancements at sentencing.

This court reviews a sentence's reasonableness by reviewing "the district court's application of the Sentencing Guidelines *de novo*, the district court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Grissom*, 525 F.3d 691, 696 (quoting *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006)). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision[-]making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); see also 18 USC § 3553(c). Further, while judges should state their reasons on the record, "adequate explanation in some cases may also be inferred from the PSR or the record as a whole." *United States v. Carty*, 520 F. 3d 984, 992 (9th Cir. 2008) (en banc). The district court had before it the oral arguments and sentencing memoranda of both parties, as well as the PSR, and considered the salient arguments on the record. The district court sentenced Acosta in a procedurally sound manner.

"[W]hen the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of [18 USC] § 3353(a) in the mine run of cases, it is probable that the sentence is reasonable." *Rita*, 551 US at 351.  Here the district court imposed a sentence at the low end of the advisory Guidelines range and gave an adequate explanation for the sentence.  Under the totality of the circumstances, the sentence was substantively reasonable.  *See Carty*, 520 F.3d at 993.

**AFFIRMED.**